**James R. ERSHICK, et al., Plaintiffs,**

v.

**GREB X–RAY COMPANY, et al., Defendants.**

**Civ. A. No. 87–2362–S.**

United States District Court,
D. Kansas.

Jan. 30, 1989.

Bruce Keplinger, T. Bradley Manson, Payne & Jones, Chartered, Overland Park, Kan., for plaintiffs.

Gardiner B. Davis, Therese M. Schuele, Spencer, Fane, Britt & Browne, Kansas City, Mo., J. Nick Badgerow, Spencer, Fane, Britt & Browne, Overland Park, Kan., for United Missouri Bank of Kansas City, N.A.

James Borthwick, Blackwell Sanders Matheny Weary & Lombardi, Kansas City, Mo., James D. Conkright, Blackwell Sanders Matheny Weary & Lombardi, Overland Park, Kan., for Don E. Curtright.

Wm. Dirk Vandever, William L. Hubbard, Popham, Conway, Sweeny, Fremont & Bundschu, P.C., Kansas City, Mo., Janet Simpson, Holbrook, Ellis & Heaven, P.A., Kansas City, Kan., for Greb X–Ray Co. and Greb X–Ray Co. Employee Stock Ownership Plan & Trust.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

Several matters are pending before the court in the above-captioned case. Plaintiffs have moved for summary judgment on all counts. Each of the defendants seeks summary judgment on Count III of plaintiffs' complaint. Further, defendant United Missouri Bank of Kansas City, N.A. ("the Bank"), has moved for summary judgment on all counts pending against it. Finally, defendant Bank has moved to strike certain portions of plaintiffs' memorandum in opposition to the Bank's motion for summary judgment.

This case was brought by former employees of defendant Greb X–Ray Company ("Greb") under the Employee Retirement Income & Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* Defendant Bank was the trustee for the defendant Greb X–Ray Company Employees' Stock Ownership Plan and Trust ("ESOP" or "the Plan"). The Plan is an employee stock ownership plan as defined in section 407(d)(6)(A) of ERISA, 29 U.S.C. § 1107(d)(6)(A). Defendant Don E. Curtright ("Curtright") was at all relevant times the president and chief executive officer of Greb. Count I of plaintiffs' complaint alleges that defendants violated their fiduciary duties under section 404(a) of ERISA, 29 U.S.C. § 1104(a). Count II charges defendants with participating in prohibited transactions as set out in section 406 of ERISA, 29 U.S.C. § 1106. In Count III of their complaint, plaintiffs seek immediate distribution of benefits from the Plan.

A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.,* 758 F.2d 1381, 1387 (10th Cir.1985). An issue of fact is "material" only when the dispute is over facts that might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues. *United States v. O'Block,* 788 F.2d 1433, 1435 (10th Cir.1986). The court must also consider the record in the light most favorable to the party opposing the motion. *Bee v. Greaves,* 744 F.2d 1387, 1396 (10th Cir. 1984), *cert. denied,* 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985). The language of Rule 56(a) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

## I. Plaintiffs' Motion for Partial Summary Judgment.

Plaintiffs seek summary judgment in their favor on the liability issue against each of the defendants. Since the court will grant defendant Bank's motion for summary judgment in full, see Section III, *supra,* the court need only address plaintiffs' request for a partial summary judgment against defendants Greb and Curtright.

Defendants first contend that the proper standard of review on plaintiffs' motion for summary judgment would simply be for the court to determine whether the administrative committee of the Plan which denied benefits to the plaintiffs acted in an arbitrary or capricious manner. *Weir v. Anaconda Co.,* 773 F.2d 1073, 1078–79 (10th Cir.1985). The *Weir* case presented the court with a question of whether the plaintiffs were properly denied benefits under the terms of the plan documents. However, the court or the plan administrator were not presented with the question of whether the trustee violated its duties under ERISA. The court is not certain that the arbitrary and capricious standard

would apply when, as here, the plaintiffs allege violations of fiduciary duties under ERISA. The standards should apply, though, to a plan administrator's determination that the Plan documents did not allow immediate distribution. Even if the more stringent standard applies to the section 404 and 406 claims, plaintiffs will not be entitled to summary judgment.

■ Plaintiffs first assert that the court should find as a matter of law that both Greb and Curtright were fiduciaries as defined under section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). There is no factual dispute that Greb was indeed a fiduciary. Plaintiffs ask the court to also find that there is no dispute of fact as to Curtright's status and that he is a fiduciary as defined in section 3. If Curtright is indeed a fiduciary, then he may be found liable for violations of fiduciary duties as set out in section 404 of ERISA, 29 U.S.C. § 1104, and for participating in prohibited transactions, as set out in Section 406 of ERISA, 29 U.S.C. § 1106. In support of their contention that Curtright was a fiduciary, plaintiffs offer the fact that Curtright acted as president and chief executive officer of Greb during the relevant time periods. They also offer the fact that Curtright allegedly acted as chairman of an "informal committee" which directed the investments of the ESOP. Curtright also allegedly telephoned the Bank as trustee, from time to time, with directions to the Bank to buy Greb stock. Plaintiffs ask the court to conclude from this evidence that Curtright acted in a discretionary manner and therefore can be found to be a fiduciary as a matter of law.

The court finds that it would be improper on summary judgment to draw the conclusion which the plaintiffs urge. The facts presented also show that while Curtright may have been a member of the committee which managed the ESOP, and that he gave directions to the trustee pursuant to the Plan documents, Curtright acted only upon the concurrence of top management of Greb. A question is therefore presented as to whether he acted in a discretionary manner, and summary judgment in favor of plaintiffs on this point would be improper at this stage of the litigation.

Of course, since the court cannot at this point determine as a matter of law that Curtright was a fiduciary, it cannot find as a matter of law that he violated his fiduciary duties. However, the court will proceed to address plaintiffs' arguments as they apply to Curtright and Greb.

■ Plaintiffs next contend that Curtright, as a fiduciary, committed per se violations of section 406 of ERISA, 29 U.S.C. § 1106, by participating in conflicts of interest, and they ask for summary judgment in their favor on this point. The uncontroverted evidence shows that Curtright used the ESOP to acquire shares from outgoing employees (who were required to sell their stock back to the company upon termination). They conclude that this action was taken for the convenience of the company in keeping the corporation closely held, and for Curtright's own convenience in acquiring control over a large block of Greb stock. Plaintiffs contend that Curtright failed to act in the sole interest of the ESOP. Plaintiffs will not be entitled to summary judgment on this point. Not only do they fail to set out a specific subdivision of section 406 which Curtright may have allegedly violated by acquiring shares for the ESOP, but they imply improper motives on the part of Curtright which are not supported by the uncontroverted evidence. Plaintiffs' mere conclusory statements are insufficient to entitle them to summary judgment and their motion on this point will be denied.

Plaintiffs further contend that Curtright acted improperly in violation of section 406 of ERISA by directing the Bank to participate in prohibited transactions. Since the court will determine that the Bank did not participate in any prohibited transactions, see section III, *infra*, at pages 1488–89, plaintiffs will fail on this point as well.

■ Plaintiffs next contend that Greb and Curtright acted imprudently as a matter of law in making investments in Greb Stock on behalf of the ESOP, and that they therefore violated section 404(a)(1)(B). However, they offer no evidence to support

their contentions that investment in Greb stock in 1983 and 1984 was imprudent. The fact that the value of the stock declined and that the financial position of the company faltered, in and of itself, is not sufficient to support a motion for summary judgment in plaintiffs' favor.

Finally, plaintiffs ask for summary judgment on Count III of their complaint, which seeks immediate distribution of their benefits under the Greb ESOP. This request will be discussed in the following section, in conjunction with defendants' motions for summary judgment in their favor on Count III of the complaint.

## II. Defendants' Motions for Summary Judgment as to Count III.

■ The parties have filed cross-motions for summary judgment as to Count III of plaintiffs' complaint. In Count III, plaintiffs seek immediate cash distribution of benefits to which they claim they are entitled under the ESOP.

In its original form, the Plan documents provided that "[g]enerally, the Plan Administrator will authorize payment to be made or begin within sixty days after the end of the plan year in which you terminate employment, regardless of your age, if you are 100% vested." The uncontroverted facts do show that plaintiffs were all 100% vested when they terminated with the company in March of 1985. During that same time, the Plan administrative committee altered that general policy to provide that any employee who terminated for some reason other than death, retirement, or disability, would be required to satisfy a five-year break in service requirement before payment of benefits could begin. Plaintiffs were advised of this policy change in April, 1986.

Plaintiffs contend they are entitled to immediate distribution of ESOP benefits because they were not notified of the modification to the original plan provisions and would have been entitled to immediate dis-

tribution under the old system. This contention must fail for two reasons. First of all, under the original provisions of the Plan documents, plaintiffs were not promised immediate distribution; the Plan only provided that "generally" they would be entitled to immediate distribution. Plaintiffs can show no other support for their contention that they would have been entitled to immediate distribution under the old Plan. Further, notification was properly given as required under section 104(b)(1) of ERISA, 29 U.S.C. § 1024(b)(1).

> If there is a modification or change [to the Plan], a summary description of such modification or change shall be furnished not later than 210 days after the end of the plan year in which the change is adopted to each participant, and to each beneficiary who is receiving benefits under the plan.

The Plan was changed in 1985 and notification was given to the participants and beneficiaries within 210 days of the end of 1985: April 1986. Therefore, notification was properly given. Plaintiffs' motion for summary judgment will be denied and defendants' motions for summary judgment as to Count III will be granted.

## III. Defendant Bank's Motion for Summary Judgment.

■ Defendant Bank seeks summary judgment on both counts pending against it. Count I alleges that the Bank acted imprudently in acquiring Greb stock and retaining it as the company's financial situation faltered and as Greb stock became a bad investment. Section 404(a) of ERISA, 29 U.S.C. § 1104(a)(1) imposes upon an ESOP trustee certain fiduciary duties. The trustee must act prudently in the discharge of its duties. It must act "solely in the interest of the participants and beneficiaries" of the ESOP, and it must act "with the care, skill, prudence and diligence under the circumstances then prevailing" that a reasonable person would exercise. ERISA § 404(a)(1)(B).[1]

---

1. Section 404(a)(1)(C) requires a trustee to act with prudence by diversifying the investments of the Plan, but section 404(a)(2) excludes ESOP trustees from this requirement. *See* 29 U.S.C. § 1104(a)(2). An ESOP trustee is required to act for the exclusive benefit of the participants and beneficiaries and to act in a reasonably prudent manner, *Eaves v. Penn,* 587 F.2d 453,

Plaintiffs contend in Count I of their complaint that it was imprudent for the trustee to heavily invest in Greb stock and to retain that stock as the financial strength of the company declined. Defendants first contend they are entitled to summary judgment because such a contention should be analyzed in light of the exemption from the diversification requirement set out in section 404(a)(2) of ERISA, 29 U.S.C. § 1104(a)(2), and the Congressional intent set out in the legislative history regarding the purpose of ESOP's. The intended purpose of ESOP's is "to build equity ownership of shares of the employer corporation for its employees." *H.R.Conf. Rep. No. 1280*, 93d Cong.2d Sess. 313, *reprinted in* 1974 U.S.Code Cong. & Admin. News, 4639, 5038, 5093. "It is expected that courts will interpret the prudent man rule and other fiduciary standards, bearing in mind the special nature and purposes of employee benefit plans intended to be effectuated by the Act." S.Rep. No. 127, 93d Cong., 2d Sess., *reprinted in* 1974 U.S. Code Cong. & Admin. News, 4639, 4838, 4865. While defendant Bank is correct in asserting that a trustee's duty to act in a prudent manner must be evaluated in light of the purpose of the ESOP in its control, this tempering of the prudence standard does not, standing alone, justify summary judgment. At most it is simply one factor the court must use in analyzing whether the trustee acted in a prudent manner.

Defendant Bank next contends that it is absolved from liability on Count I by virtue of section 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D), and the Plan document. Section 404(a)(1)(D) requires the trustee to act "in accordance with the documents and instruments governing the Plan insofar as such documents and instruments are consistent with the provisions of [ERISA]." The Plan document provides that the trustee may invest up to 100% of the Plan's assets in Greb stock. Defendant reasons that it would have violated section 404(a)(1)(D) had it failed to invest in Greb stock; it therefore complied with, rather than violated, section 404(a)(1). While defendant is correct in asserting that is required to act in accord with Plan documents, those actions must be in accord with the other provisions of ERISA as well. Therefore, while the Plan allowed the Bank to invest up to 100% of the Plan's assets in Greb stock, the Bank was required to carry out this purpose only to the extent such investment decisions were otherwise consistent with ERISA. ERISA requires that the ESOP trustee act in a prudent manner. Therefore, if it would have been imprudent to invest a large percentage of the Plan assets in Greb stock, the Bank would have been in violation of section 404(a)(1)(D).

Defendant next contends, though, that plaintiffs have failed to show any facts which would indicate that the Bank acted in an imprudent manner. The only evidence plaintiffs point to in support of their contention that the investments in question were imprudent is the testimony by their expert witness, Paul Litteau. However, plaintiffs have failed to attach affidavits, deposition testimony, or other evidence in support of Litteau's opinion as required by Rule 56 of the Federal Rules of Civil Procedure. Since plaintiffs have failed to show the court evidence which would indicate that a question of fact exists, the court has no choice but to agree with defendants that no question of fact exists on this point, and defendants must therefore be entitled to summary judgment as a matter of law. However, if plaintiffs have such evidence in their possession and have inadvertently failed to include it with their memorandum in opposition, the court will allow plaintiffs to file a motion for reconsideration within ten (10) days from the date of this Memorandum and Order, and to include that evidence in the motion. If after examining any affidavits or deposition testimony offered, the court determines that a question of fact does exist, summary judgment of course would be improper.

Plaintiffs do also contend that the decline in the value of Greb stock between 1985 and 1986 provides some evidence that the investments in question were imprudent.

459 (10th Cir.1978), but the ESOP trustee does not violate the prudence requirement simply by

acquiring and retaining employer securities. ERISA § 404(a)(2), 29 U.S.C. § 1104(a)(2).

Plaintiffs do not attempt to argue that if the value of the stock declines, the trustee has *a fortiori* acted imprudently. Rather, plaintiffs have contended that the decline in the value of Greb stock indicates that the prior valuations of the stock were not independent. This sort of leap in logic is insufficient in the face of a summary judgment motion.[2] Finally, plaintiffs have contended that defendant Bank acted imprudently in buying the Greb stock for more than adequate consideration. In support of this contention, plaintiffs cite to several factors set out in a proposed regulation. *See* 29 C.F.R. Part 2510. Of course, this proposed regulation would have no force and effect of law in this case, and is completely irrelevant to the court's analysis here.

Since plaintiff has failed to produce any evidence which would indicate that defendant Bank acted imprudently in violation of section 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B), the court will grant summary judgment in favor of the Bank on Count I of plaintiffs' complaint.

In Count II of their complaint, plaintiffs contend that defendant Bank violated section 406 of ERISA, 29 U.S.C. § 1106, by participating in prohibited transactions. Plaintiffs allege two prohibited transactions; the first involves the Bank acting as executor of the estate of Gordon C. Greb, the assets of which included Greb stock. That stock was purchased by defendants Greb and Curtright. Secondly, plaintiffs complain that the Bank participated in a prohibited transaction by becoming a secured creditor of Greb at the same time it acted as trustee for the ESOP.

Defendant Bank will be entitled to summary judgment as to its status as executor of the Gordon C. Greb Estate. Plaintiffs have made no showing that the Gordon C. Greb Estate sold any of its stock to the ESOP; in fact, the uncontroverted evidence shows that all of the stock owned by the Estate was sold to Greb and Curtright. There is no evidence that the sale to Greb and Curtright was a sham, or was in effect an indirect sale to the ESOP (although plaintiffs do make the unsupported allegation). Without evidence of a transaction between the plan and the Gordon C. Greb Estate, there can be no violation of section 406 of ERISA, 29 U.S.C. § 1106. ("A fiduciary with respect to a plan shall not cause the plan to engage in a transaction, if he knows or should know that such transaction constitutes a direct or indirect ... sale or exchange ... of any property *between the plan and a party in interest.*") (emphasis added).[3]

■ Nor did the Bank's purchase as plan trustee of Greb stock, while also acting as a secured creditor of Greb, constitute a prohibited transaction. *Brock v. Citizens Bank of Clovis*, 841 F.2d 344 (10th Cir. 1988), and section 406(a) of ERISA control. The dual role of which plaintiffs complain is not enumerated as a prohibited transaction under section 406(a)(1). Plaintiffs ask the court to imply a violation of ERISA in the Bank's alleged "conflict of interest." Such action by the court would be directly contrary to the Tenth Circuit's command in *Brock.* "[U]nless the act complained of falls within the specific list of dealings proscribed by section 1106 ..., the transaction does not constitute a per se violation of ERISA." *Brock*, 841 F.2d at 347. The Bank's dual capacity was not a per se violation of section 406 of ERISA.

Plaintiffs are correct in pointing out that *Brock* holds that absence of a per se violation under section 406 does not automatically mean that defendant has not violated ERISA. *Id.* at 347. However, plaintiff is able to point to no other competent authority which might indicate that defendant's dual status, standing alone, constitutes a

---

**2.** Plaintiffs also present the court with expert "evidence" from witness Stanley House, which plaintiffs contend indicates that the appraisals of the stock value was performed improperly. The court has reviewed that testimony and agrees with defendant that plaintiff mischaracterizes House's testimony. House is, in fact, defendant Bank's expert.

**3.** The sale of the stock by Greb and Curtright to the Plan would not be a prohibited transaction either, because it was a sale of qualifying employer securities and otherwise complied with section 408(e) of ERISA, 29 U.S.C. § 1108(e).

conflict of interest. Plaintiffs only support is a 1976 Department of Labor opinion which is of virtually no controlling value in this case. The court will not create a prohibited transaction and conflict of interest where Congress and precedent have not indicated one; the court further finds no compelling policy reasons for determining a conflict of interest exists in this fact situation. Defendant Bank's motion for summary judgment on Count II will therefore be granted. Thus, the Bank's motion for summary judgment will be granted in full.

### IV. United Missouri Bank of Kansas City, N.A.'s Motion to Strike.

Finally, defendant Bank has moved to strike certain unsupported assertions contained in plaintiffs' memorandum in opposition to the Bank's motion for summary judgment. The court has noted those unsupported assertions in its analysis of the Bank's motion for summary judgment. It will not be necessary to strike those assertions; rather, the court simply disregarded those in considering the motion.

IT IS BY THE COURT THEREFORE ORDERED that plaintiffs' motion for summary judgment is denied. IT IS FURTHER ORDERED that defendants Greb X–Ray Company and Greb X–Ray Company Employees' Stock Ownership Plan's motion for partial summary judgment as to Count III is granted. IT IS FURTHER ORDERED that defendant Donald Curtright's motion for partial summary judgment as to Count III of plaintiffs' complaint is granted. IT IS FURTHER ORDERED that defendant United Missouri Bank of Kansas City, N.A.'s motion for summary judgment is granted in full. IT IS FURTHER ORDERED that defendant United Missouri Bank of Kansas City, N.A.'s motion to strike is denied.